No. 1750.—MARY A. NUGENT *v.* JOTHAM POTTER et al.

*Where a third party pays a judgment to the attorney of the judgment creditor under a writ of fieri facias, and takes an order of court where the judgment was rendered, on the motion of the attorney, subrogating him to all the rights of the judgment creditor in the judgment, he becomes legally subrogated thereto, and conventional subrogation takes place by the act of the attorney.*

APPEAL from the Fifth District Court for the parish of Orleans. *Leaumont,* J. *T. A. Bartlette* and *Frank Haynes,* for plaintiff and appellee. *C. Roselius & Alfred Phillips,* for defendant and appellant.

TALIAFERRO, J. The defendant Potter appeals from a judgment of the lower court perpetuating an injunction sued out by the plaintiff to restrain him from selling property of hers seized by him under an execution issued on a judgment rendered in favor of Josephine Lacoste *v.* Mary A. Nugent, to all the rights under which judgment Potter claimed to be subrogated.

The plaintiff contends that the defendant has no subrogation as he alleges, to the rights of Mrs. Lacoste in the judgment, and that he paid the judgment with money owing to P. S. Nugent by the city of New Orleans ; that the payment thus made to Mrs. Lacoste extinguished the debt, and that the plaintiff is no longer liable for it.

The facts as we find them seem to be that on the twentieth of July, 1865, Patrick Nugent entered into a contract with the city of New Orleans to lay pipe along several streets, designated in the agreement. Two days afterwards Potter and Nugent entered into a contract of partnership , to fulfill this engagement—Potter to furnish the funds necessary for the work, and to be reimbursed out of the first payment made by the city on the contract with Potter. A notification of the partnership contract between Nugent and Potter was made to the city authorities.

We find that in September, 1866, a certified copy by the City Surveyor, signed by the financial committee, was issued to Nugent, that there was due him on his contract with the city five thousand seven hundred and eighty-eight dollars. This sum due Nugent by the city was seized by Mrs. Lacoste under execution issued on her judgment against Mary A. Nugent. Potter paid the amount of this judgment to the attorney of Mrs. Lacoste and took an order of court, on the motion of the attorney, subrogating Potter to all the rights of Mrs. Lacoste under the judgment.

Potter contends that he is legally subrogated to all the rights of the judgment creditor, and that he is also subrogated by the act of the attorney of that creditor.

It is contended by the plaintiff in this case that the act of subrogation intended by the attorney was posterior to the payment; that, in fact, there was merely a receipt given to Potter for the money paid, without any thing then stated showing the intention to subrogate him

to the rights of the judgment creditor, and also that the attorney was without authority to make the subrogation, and on the last ground the case in 8 N. S. page 571, is relied upon.

The position taken by the plaintiff is hardly borne out by the evidence. The attorney, as a witness on the part of the defendant, said, in answer to the interrogatory, "was the agreement between you and Potter reduced to writing?" "No, sir, the only writing is what we wrote in court, which is the subrogation and the receipt which I gave him; that is the only agreement we ever had about it."

We think it clearly established that there was conventional subrogation in this case. The attorney's statement that the payment and act of subrogation were made at the same time is sufficiently explicit and he swears he was authorized by his client to do the act.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed. It is further ordered that the injunction sued out in this case be dissolved, and that the defendant have and recover, in solido, from the plaintiff in injunction and Dennis Cronan, her surety on the injunction bond, two hundred and fifty dollars as damages. The plaintiff and appellee paying costs in both courts.

Rehearing refused.